IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**                                                            **PLAINTIFF**

V.                              CASE NO. 5:10-CR-50022-001

**JUAN B. RODRIGUEZ**                                                                    **DEFENDANT**

**OPINION AND ORDER**

Currently before the Court are Defendant Juan B. Rodriguez's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines ("USSG") Amendments 782 and 788 (Doc. 74), an addendum to Mr. Rodriguez's Presentence Investigation Report ("PSR") prepared by the probation office (Doc. 75), and the Government's Response in Opposition to Mr. Rodgriguez's Motion (Doc. 76). For the reasons set forth below, the Court finds that Mr. Rodriguez's Motion should be **GRANTED IN PART AND DENIED IN PART**.

On March 31, 2010, Mr. Rodriguez was charged in a three-count indictment with one count of conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, one count of aiding and abetting in possessing with the intent to distribute 50 grams or more of a mixture or substance containing methamphetamine, and one count of aiding and abetting in leasing, renting, using, or maintaining a place for the purpose of distributing and using a controlled substance.  On July 20, 2010, Mr. Rodriguez entered a guilty plea to count two, aiding and abetting in possessing with the intent to distribute 50 grams or more of a mixture or substance containing methamphetamine, pursuant to his Plea Agreement with the

Government. In the Plea Agreement, Mr. Rodriguez stipulated that the most readily provable amount of drugs was at least 150 grams but less than 500 grams of actual methamphetamine, and the statutory term of imprisonment was 10-40 years, based on the offense of conviction involving more than 50 grams of actual methamphetamine.

During sentencing on November 16, 2010, the Court applied the agreed base offense level of 34.  Mr. Rodriguez received a three-level decrease for acceptance of responsibility, which resulted in a total offense level of 31.  With a criminal history category of III, his guideline range was 135-168 months.  The Court imposed a sentence at the bottom of the range at 135 months, which was still above the mandatory minimum sentence the Court recognized applied to the offense.

"[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) . . . if such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) "establishes a two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). First, the Court must determine that a reduction is consistent with the USSG.  *Id.*  Then, the Court "may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Id.*

Turning to the first step under *Dillon*, the Court agrees with the parties that Amendment 782 of the USSG applies to Mr. Rodriguez's case.  This would result in a reduction of Mr. Rodriguez's total offense level from a 31 to a 29, and a new guideline

sentencing range of 108 to 135 months. However, the mandatory minimum that was determined by the sentencing court to be applicable to Mr. Rodriguez's offense of conviction was 10 years, or 120 months. Mr. Rodriguez, however, argues that under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, 133 S. Ct. 2151 (2013), the 10-year mandatory minimum should not have applied to him at sentencing. This is so, he contends, because his mandatory minimum term of imprisonment was triggered only by the drug quantity stipulated to in his plea agreement, and not by any drug quantity charged in his Indictment.

This Court does not have any authority at this stage to conduct a full *de novo* resentencing; rather, the Court can only determine the guideline range that would have been applicable to the defendant had the amendment been in effect at the time of sentencing. *See* USSG § 1B1.10(b)(1); *United States v. Harris*, 574 F.3d 971, 972 (8th Cir. 2009). The guideline range that would have been applicable to Mr. Rodriguez had the amendment been in effect at the time of sentencing is 120-135 months. This is the case because Mr. Rodriguez's mandatory minimum term of imprisonment is 120 months. He is therefore eligible for a reduction in his sentence of 15 months.

Turning to step two of the analysis, the § 3553(a) factors, the Court concludes that the need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence, and to protect the public, as well as the need to avoid unwarranted sentencing disparities, all weigh in favor of granting the reduction to 120 months.

**IT IS THEREFORE ORDERED** that Defendant Juan B. Rodriguez's Motion to Reduce Sentence (Doc. 74) is **GRANTED IN PART AND DENIED IN PART**. By

-4-

separate order, the Court will impose a sentence of 120 months for the offense of conviction.

      **IT IS SO ORDERED** on this 16th day of November, 2015.


      /s/ Timothy L. Brooks
      TIMOTHY L. BROOKS
      UNITED STATES DISTRICT JUDGE