IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

     v.                                    CRIMINAL NO. 10-50022-001

JUAN B. RODRIGUEZ                                                           DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the undersigned is a 28 U.S.C. § 2255 Motion filed by the Defendant. (Doc. 81.) The undersigned, being well and sufficiently advised, finds and recommends as follows:

Defendant states that he is not challenging his conviction or sentence, but that he is requesting "a corrected Judgment and Commit[]ment be ordered by the Court that reflect[s] 312 days County Jail Credit served." (Doc. 81 at pg. 4.) As stated by the Court in an order entered on September 11, 2012, this Court has no authority to adjust the Defendant's sentence to account for credit for prior custody. (Doc. 65.) A request for credit for prior custody must be made, in the first instance, through the Bureau of Prisons after the Defendant begins his sentence. Administrative procedures exist within the Bureau of Prisons to review the Bureau's failure to credit the time a Defendant has served. Once the Defendant has exhausted his administrative remedies, he may then seek judicial review of any jail-time credit determination by the Bureau of Prisons by filing a habeas petition under 28 U.S.C. § 2241. See United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004). Defendant does not indicate that he has exhausted his administrative remedies within the Bureau of Prisons. Accordingly, even if this Court were to

AO72A
(Rev. 8/82)

construe Defendant's § 2255 motion as a § 2241 petition, he would not be entitled to review of his entitlement to jail time credit at this time.

Based on the foregoing, the undersigned recommends denying Defendant's Motion (Doc. 81) without prejudice to Defendant to filing a § 2241 petition after he has exhausted the Bureau of Prisons' administrative remedies.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 19th day of January, 2016.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)