IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                PLAINTIFF/RESPONDENT

v.                              CRIMINAL NO. 10-50022-001

JUAN B. RODRIGUEZ                                       DEFENDANT/MOVANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is Defendant's pro se **Motion (Doc. 113),** in which he requests that the Court determine his projected release date under the "Good Time Fix" Amendment.

On November 17, 2010, Defendant was sentenced to 135 months imprisonment, 5 years supervised release, and a $15,000.00 fine after pleading guilty to possession with intent to distribute 50 grams or more of methamphetamine. (Docs. 32, 45.) Defendant's sentence was subsequently reduced to 120 months imprisonment pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendments 782 and 788. (Docs. 77-79.) In the motion currently before the Court, Defendant states that he is scheduled to be released to a halfway house on August 22, 2019, but under the "Good Time Fix" Amendment, he should be eligible to enter the halfway house on June 14, 2019. Defendant states that he requested the warden of his facility to adjust his good-time credit, but the warden stated that good-time credits would not be recalculated until the effective date of the Amendment.

Section 102(b)(1) of the First Step Act of 2018 amended 18 U.S.C. § 3624(b)(1) to change the manner in which good time credits are calculated by increasing the maximum allowable days from 47 to 54 per year. This provision of the First Step Act, however, did not go into immediate effect. Under § 102(b)(2) of the Act, the good-time credit change will not take

effect until the "Attorney General completes and releases the risk and needs assessment system," which is anticipated to occur in July 2019. Until that time, the Bureau of Prisons ("BOP") lacks authority to exceed the 47 days of good-time credit allowable under effective law. See Matthews v. Williams, No. 4:19CV518, 2019 WL 1639776, *2 (N.D. Ohio Apr. 16, 2019); see also Christopher v. Wilson, No. 4:19-cv-214-0, 2019 WL 1745968, *1-2 (N.D. Tex. Apr. 18, 2019); Schmutzler v. Quintana, No. 5:19-046-DCR, 2019 WL 727794, *1-2 (E.D. Ky. Feb. 20, 2019)

. Once the good-time credit change takes effect, Defendant must first seek a recalculation of his good-time through the BOP. Once the Defendant has exhausted his administrative remedies with the BOP, he may then seek judicial review of the BOP's determination by filing a habeas petition under 28 U.S.C. § 2241 in either the district where he is confined (the Western District of Pennsylvania), in the United States District Court for the District of Columbia, or in any district in which the BOP maintains a regional office.. See United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004); United States v. Chappel, 208 F.3d 1069, 1070 (8th Cir. 2000).

Accordingly, the undersigned recommends **DENYING** Defendant's **Motion (Doc. 113)**.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

AO72A
(Rev. 8/82)

IT IS SO ORDERED this 21ST day of April 2019.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)