IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**                                                  **PLAINTIFF**

v.                   **CASE NO. 5:10-CR-50022-001**

**JUAN B. RODRIGUEZ**                                                      **DEFENDANT**

## ORDER

Currently before the Court are Defendant Juan B. Rodriguez's Objections (Doc. 117) to the Magistrate Judge's Report and Recommendation. On April 18, 2019, the Court received Mr. Rodriguez's Motion for Release (Doc. 113) pursuant to the "Good Time Fix" amendment to the First Step Act. On April 22, 2019, Chief Magistrate Judge Erin L. Wiedemann issued a Report and Recommendation ("R&R") in which she advised the Court that Mr. Rodriguez's Motion should be denied. *See* Doc. 115. Mr. Rodriguez filed his objections to the R&R on May 13, 2019. The Court has now performed a *de novo* review of the motion, the R&R, and the objections to the R&R. *See* 28 U.S.C. § 636(b)(1). Having completed that review, the Court finds that the objections lack merit, the R&R should be adopted, and the motion should be denied.

The motion requests that the Court command the Bureau of Prisons to calculate Mr. Rodriguez's "good time credit" in accordance with the provisions of the recently-passed First Step Act. As the Magistrate Judge explained in the R&R, "Section 102(b)(1) of the First Step Act of 2018 amended 18 U.S.C. § 3624(b)(1) to change the manner in which good time credits are calculated by increasing the maximum allowable days from 47 to 54 per year." (Doc. 115 at 1). Mr. Rodriguez maintains in his objections to the R&R that this provision of the First Step Act should be considered to be "effective immediately," and the warden of his

1

prison should therefore be directed to credit him 54 days per calendar year of his sentence, rather than 47 days. (Doc. 117 at 3). The Court disagrees.

The R&R correctly explained that the good-time credit change referenced here was not deemed by Congress to be "immediately effective" on the date the law was signed, December 21, 2018. Instead, this provision will become effective once the Attorney General completes and releases a "risk and needs assessment system," which must be done within 210 days after the enactment of the First Step Act. *See* 18 U.S.C. § 3632(a)(7) (stating that the risk and needs assessment system "shall be used to . . . determine when a prisoner is ready to transfer into prerelease custody or supervised release in accordance with section 3624"). Two hundred and ten days from December 21, 2018 is July 19, 2019.

Once the risk and needs assessment is released, Mr. Rodriguez must seek a recalculation of his good-time credit through the Bureau of Prisons, and only *after* this request has been denied and he has exhausted his administrative remedies may he file a habeas petition with the court seeking relief. Furthermore, as the R&R explained, he may only seek such relief in the district where he is currently confined—which is the Western District of Pennsylvania, not the Western District of Arkansas—or in the United States District Court for the District of Columbia, or in any district where the Bureau maintains a regional office. *See* Doc. 115 at 2. The bottom line is that the Bureau of Prisons does not presently have the authority to recalculate Mr. Rodriguez's sentence and give him the extra good-time credit he seeks. Accordingly, his request for judicial review is not yet ripe—and even if it were, the Western District of Arkansas would be the wrong place to seek such review.

**IT IS THEREFORE ORDERED** that the Objections (Doc. 117) are **OVERRULED**,

the Report and Recommendation (Doc. 115) is **ADOPTED IN ITS ENTIRETY**, and the Motion for Release (Doc. 113) pursuant to the "Good Time Fix" amendment to the First Step Act is **DENIED**.

**IT IS SO ORDERED** on this 15th day of May, 2019.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE